IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

JAMES THOMAS BRYANT,      )
                               )
        Petitioner,        )
                               )
      v.                 )       CV 116-025
                               )       (Formerly CR 105-110)
UNITED STATES OF AMERICA,    )
                               )
        Respondent.    )

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Petitioner, an inmate at FCI Williamsburg in Salters, South Carolina, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DENIED** without an evidentiary hearing, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

## I.      BACKGROUND

### A.      Indictment and Agreement to Plead Guilty

On September 16, 2005, the grand jury in the Southern District of Georgia charged Petitioner under the Armed Career Criminal Act ("ACCA") with one count of robbery of a commercial business, in violation of 18 U.S.C. § 1951 ("Count One"), two counts of using, carrying, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) ("Count Two" and "Count Four"), one count of hijacking a motor vehicle, in violation of 18 U.S.C. § 2119 ("Count Three"), and one count of possession of a firearm

by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) ("Count Five").

United States v. Bryant, CR 105-110, doc. no. 1 (S.D. Ga. Sept. 16, 2005) (hereinafter "CR

105-110"). The Court appointed attorney Kirk Emerson Gilliard to represent Petitioner. Id.,

doc. no. 6.

On February 9, 2006, Petitioner appeared with counsel before United States District

Judge Dudley H. Bowen, Jr., and pled guilty to Counts One, Two, and Five of the

indictment. Id., doc. nos. 10-12. In exchange for the guilty plea, the government agreed to

(1) dismiss Counts Three and Four of the indictment; and (2) not oppose a two-point

acceptance of responsibility reduction and move for an additional one-point reduction under

U.S.S.G. § 3E1.1(b) if Petitioner had an offense level of 16 or greater. Id., doc. no. 11, pp. 1-

2.

For his part, Petitioner admitted the factual basis for his guilty plea, including the

following:

> [As to Count One, Petitioner] did knowingly, willfully, and unlawfully take
> and obtain personal property . . . from the presence of . . . J.D.; B.W.; and
> R.A.; against their will, and by means of actual and threatened force, violence,
> and fear of injury to their persons, by brandishing a firearm and demanding
> money . . . in violation of Title 18, United States Code, Sections 1951. [As to
> Count Two, Petitioner] did knowingly use, carry, and brandish a firearm, that
> is, a Colt Detective Special, .38 caliber revolver, serial number 945287, during
> and in relation to a crime of violence, that is, interference with commerce by
> robbery, a violation of Title 18, United States Code, Section 1951, as set forth
> in Count One of this indictment . . . in violation of Title 18, United States
> Code, Sections 924(c)(1)(A)(ii) . . . . [As to Count Five, Petitioner], having
> been previously convicted of certain felony offenses, at least three of which
> are serious drug offenses or crimes of violence, and which were committed on
> occasions different from one another, . . . did unlawfully and knowingly
> possess in and affecting commerce a certain firearm, that is, a Colt Detective
> Special, .38 caliber revolver, serial number 945287 . . . in violation of Title 18,
> United States Code, Sections 922(g)( 1), and 924(e) . . . .

Id. at 7-8. The twelve felonies listed in the plea agreement are the same crimes listed in

2

Count Five of the indictment, and include conspiracy to commit a felonious robbery, two counts of bank robbery, two counts of distribution of heroin, conspiracy to distribute heroin, possession of marijuana, possession of heroin, possession of PCP, possession with intent to distribute MDA, housebreaking, and burglary and possession of burglary tools.  Id., doc. no. 1, p. 4; doc. no. 11, pp. 5-6.  As part of the plea agreement, Petitioner also agreed to waive the right to file a direct appeal and the right to collaterally attack his conviction and sentence unless the sentencing court upwardly departed from the advisory Guideline range.  Id., doc. no. 11, pp. 2-3.

**B.    Sentencing**

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI").  As explained in the PSI, Petitioner qualified for an enhanced penalty under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because of six prior convictions:  (1) a 1976 conviction for conspiracy to distribute a narcotic controlled substance; (2)-(3) two 1976 convictions for distribution of heroin; (4) a 1983 conviction for conspiracy to commit a felonious robbery; (5) a 1983 conviction for bank robbery; and (6) a 1983 conviction for bank robbery, assault with a weapon.  PSI ¶¶ 25, 44-46.

The PSI determined Petitioner was an armed career criminal within the meaning of U.S.S.G. § 4B1.4, and set his mandatory minimum term of imprisonment at 180 months (fifteen years) for Count Five.  PSI ¶¶ 34, 50, 69; 18 U.S.C. § 924(e).  Pursuant to U.S.S.G. § 4B1.1(c)(3), Petitioner's Guideline imprisonment range was between 262 and 327 months.  PSI ¶ 70.  However, because the statutorily minimum sentence was 22 years (fifteen years as to Count Five after service of seven years as to Count Two), Petitioner's Guideline

3

imprisonment range was set between 264 and 327 months.  Id.  Petitioner filed a sole objection to the PSI, claiming he never took $300 from the person of Jocelyn Dixon.  See PSI Add.  However, Petitioner did not revive this objection at sentencing.  CR 105-110, doc. no. 21, p. 3.

On June 20, 2013, Judge Bowen imposed a sentence of imprisonment of 264 months. Id., doc. nos. 16, 17.  Judgment was entered on May 30, 2006.  Id., doc. no. 17.  Petitioner did not file an appeal.

### C.    Post-Conviction Proceedings

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 576 U.S. -, 135 S. Ct. 2551 (2015).  In Johnson, the Supreme Court found the "residual clause" of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), to be void for vagueness and a violation of the Constitution's guarantee of due process.  Johnson, 135 S. Ct. at 2563.  The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  In Welch v. United States, 578 U.S.-, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Petitioner signed the instant § 2255 motion February 27, 2016, and the Clerk of Court filed it on March 2, 2016.  (Doc. no. 1, pp. 1, 9.)  Petitioner raises two grounds for relief, asserting that after Johnson, (1) his North Carolina conviction for conspiracy to commit common law robbery is no longer a valid ACCA predicate, and (2) his conviction for Hobbs Act robbery (18 U.S.C. § 1951) no longer qualifies as a "crime of violence."  (Doc. no. 1, pp. 3-5).

4

Respondent argues the Eleventh Circuit has squarely held Hobbs Act robbery to be a "crime of violence" for purposes of Petitioner's § 924(c) conviction.  (See doc. no. 5, p. 3.) As to his ACCA sentencing enhancement, Respondent agrees with Petitioner that his North Carolina conspiracy to commit robbery conviction no longer qualifies as an ACCA predicate. (Id. at 4.)  However, Respondent argues that even excluding that conviction, Petitioner still has three predicate offenses to impose the ACCA sentencing enhancement, see 18 U.S.C. § 924(e)(1), such that Petitioner's § 2255 motion should be denied.  (Id. at 4-5.)

## II.     DISCUSSION

### A.     Petitioner Is Not Entitled to an Evidentiary Hearing.

Section 2255 does not require that the Court hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."  Winthrop-Redin v. United States, 767 F.3d 1210, 1216 (11th Cir. 2014) (quoting 28 U.S.C. § 2255(b)).  "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations.  Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record."  Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citation omitted).  Moreover, a petitioner is not entitled to an evidentiary hearing where he asserts "merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (citation omitted); see also Lynn v. United States, 365 F.3d 1225, 1238-39 (11th Cir. 2004).  Because Petitioner's claims lack merit as a matter of law, or are otherwise affirmatively contradicted by the record, no evidentiary hearing is necessary.

**B.     Petitioner's Conviction for Hobbs Act Robbery Is a "Crime of Violence" Under 18 U.S.C. § 924(c).**

Petitioner was convicted of violating 18 U.S.C. § 924(c)(1)(A)(ii) by using, carrying, and brandishing a firearm during a crime of violence.  CR 105-110, doc. nos. 1, 11, 12. Distinct from § 924(e)(1) of the ACCA, § 924(c)(1)(A) provides for a separate consecutive sentence if any person uses or carries a firearm during an in relation to a crime of violence or drug trafficking crime, or possesses a firearm in furtherance of such crimes.  For the purposes of § 924(c), § 924(c)(3)(A) and (B) define "crime of violence" as an offense that is a felony and:

     (A)    has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

     (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  The former clause is commonly referred to as the "use-of-force" clause and the latter clause is known as the § 924(c)(3)(B) residual clause.

The Eleventh Circuit has not decided whether Johnson applies to § 924(c) by invalidating sentences which relied on § 924(c)(3)(B)'s residual clause.  In re Pinder, 824 F.3d 977, 979 (11th Cir. 2016).  However, the Eleventh Circuit has noted that the ACCA's residual clause and the § 924(c)(3)(B) residual clause have differing language and statutory purpose.  In re Colon, 826 F.3d 1301, 1304 (11th Cir. 2016).  Although whether Johnson applies to § 924(c)'s residual clause is an open question, the Eleventh Circuit has determined that a Hobbs Act robbery conviction under 18 U.S.C. § 1951(a) qualifies as a crime of violence under the use-of-force clause in § 924(c)(3)(A).  In re Fleur, 824 F.3d 1337, 1341 (11th Cir. 2016).

6

Here, in addition to pleading guilty to using, carrying, and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), Petitioner pled guilty to and was convicted of Hobbs Act robbery.  CR 105-110, doc. nos. 1, 11, 12.  In the indictment, Petitioner was charged with, and pleaded guilty to, one count of "knowingly, willfully, and unlawfully tak[ing] and obtain[ing] personal property . . . from the presence of . . . J.D.; B.W.; and R.A.; against their will, and by means of actual and threatened force, violence, and fear of injury to their persons, by brandishing a firearm and demanding money . . . in violation of Title 18, United States Code, Sections 1951."  Id., doc. no. 1, pp. 1-2. Consequently, even if Johnson invalidates § 924(c)'s residual clause, Petitioner's conviction for Hobbs Act robbery qualifies as a "crime of violence" under the use-of-force clause in § 924(c)(3)(A).  See Colon, 826 F.3d at 1305 (holding aiding and abetting Hobbs Act robbery meets use-of-force clause of crime of violence under § 924(c)(3)(A)); Fleur, 824 F.3d at 1341 (holding actual commission of Hobbs Act robbery meets use-of-force clause of definition of crime of violence under § 924(c)(3)(A)).   Accordingly, Johnson does not provide Petitioner with relief from his § 924(c) conviction.

    **C.**    **Petitioner Is Not Entitled to Resentencing under Johnson Because He Has Three Predicate ACCA Convictions to Qualify as an Armed Career Criminal.**

Petitioner contends his North Carolina conspiracy to commit robbery conviction is no longer a valid ACCA predicate, and he should therefore be resentenced without the ACCA enhancement.  The government agrees his prior conviction for conspiring to commit robbery no longer qualifies as an ACCA predicate.  (See doc. no. 5, p. 4.)  However, even excluding that conviction, Petitioner still has three valid ACCA predicates.

7

**1.    Petitioner's Prior Distribution of Heroin Convictions Qualify as Serious Drug Offense Predicates Under the ACCA.**

The ACCA defines a "serious drug offense" as

> an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law.

18 U.S.C § 924(e)(2)(A)(i).

Petitioner was convicted of two counts of distributing heroin in violation of 21 U.S.C. § 841, which provided a maximum sentence of fifteen years imprisonment on each count. See 18 U.S.C. § 841(a)(1) (version in effect 1970-76) (providing for maximum sentence of fifteen years imprisonment for distribution of schedule I narcotic); (doc. no. 3, Ex. A). Although they were charged in the same indictment, these two separate counts were "committed on occasions different from one another." See 18 U.S.C § 924(e)(1). Indeed, the indictment charges Petitioner with distributing thirty grams of a substance containing approximately 9.5% heroin on April 22, 1976, and distributing fifty grams of a substance containing approximately 9.7% heroin on April 23, 1976. (Doc. no. 3, Ex. A.) Therefore, both those offenses still qualify as two separate serious drug offense predicates under the ACCA. See 18 U.S.C § 924(e)(2)(A)(i) & (e)(1); United States v. Holland, 201 F. App'x 742, 746 (11th Cir. 2006) (two controlled drug buys at two different locations and separated by sixteen minutes were "separate criminal episodes for purposes of the ACCA").

**2.    Petitioner's Prior Bank Robbery Conviction Qualifies as a Predicate Under the "Elements Clause" of the ACCA.**

The ACCA defines violent felony as any felony that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is

burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Subsection (i) is sometimes identified as the elements clause, while subsection (ii) is subdivided into (a) the enumerated offenses clause, and (b) the now invalid residual clause. See In re Thomas, 823 F.3d 1345, 1347 (11th Cir. 2016).

The now-invalidated residual clause of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). However, Johnson "did not call into question the application of the elements clause and the enumerated clause of the ACCA's definition of a violent felony," all of which may still be used to impose ACCA enhancements. In re Hires, 825 F.3d 1297, 1299 (11th Cir. 2016); see also Johnson, 135 S. Ct. at 2563. Thus, after Johnson invalidated the residual clause of the ACCA, an enhancement may still be validly applied based on an offense falling under the elements clause of the ACCA. See 18 U.S.C. § 924(e)(2)(B)(i) (defining violent felony as offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another").

The Eleventh Circuit recently held a bank robbery conviction under 18 U.S.C. § 2113(a) categorically qualifies as a violent felony under the elements clause of the ACCA. United States v. Horsting, –F. App'x–, No. 16-13156, 2017 WL 462100, at *2 (11th Cir. Feb. 3, 2017). Petitioner was convicted of armed bank robbery in violation of 18 U.S.C. § 2113(a). (Doc. no. 5, Ex. B.) Consequently, that armed bank robbery conviction still serves as a valid ACCA predicate offense even after Johnson.

Petitioner's ACCA predicate count meets the three necessary to impose the ACCA

sentencing enhancement. Therefore, Petitioner's enhanced sentence under § 924(e) was properly imposed, and he is not entitled to the resentencing he seeks.

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DENIED** without an evidentiary hearing, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 29th day of March, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA